IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MAURICE JOHNSON, JR., | ) | |
| Petitioner | ) | Civil No. 7:09-CV-118-O |
| v. | ) | |
| | ) | Criminal No. 7:06-CR-008-O |
| UNITED STATES OF AMERICA, | ) | |
| Respondent | ) | |

REPORT AND RECOMMENDATION

Under the authority of 28 U.S.C. § 636(b) and Rules 8(b) and 10 of the Rules Governing Section 2254 Proceedings for the United States District Courts, this case was referred to the undersigned United States Magistrate Judge by Order of Reference (Docket No. 8) for hearing, if necessary, and proposed findings of fact and recommendation for disposition.

**Factual Background**

On March 23, 2007, in this Court Johnson was sentenced to a mandatory life in prison and a 10-year term of supervised release after a jury convicted him of conspiring to distribute and possess with the intent to distribute 50 grams or more of cocaine base (Count One), distributing five grams or more of cocaine base (Counts Two and Three), and possessing a firearm and ammunition as an armed career criminal (Counts Four through Six), in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), and 851(a)(1), and 18 U.S.C. §§ 922(g)(1) and 924(e). Johnson filed a direct appeal of his conviction and sentence. Johnson's conviction and sentence were affirmed on October 16, 2008. *United States v. Johnson*, 2008 U.S. App. LEXIS 2180 (5th Cir. 2008). He did not seek certiorari review. Johnson timely filed his 2255 application on July 20, 2009. This is his first post-conviction motion.

1

## Petitioner's Alleged Grounds

By his application Johnson alleges the following grounds for relief:

A.     That he received ineffective assistance of counsel at trial and on appeal, because:

Claim 1.     Counsel failed to challenge the "lack of authority" of the federal prosecutor to prosecute him for "crimes committed in the sovereign state of Texas."

Claim 2.     Counsel failed to challenge the sufficiency of the indictment on grounds that it did not charge distribution of "crack cocaine" but instead used the words "cocaine base," the statutorily defined controlled substance.

Claim 3.     Counsel failed to challenge the sufficiency of the indictment on the ground that it failed to allege the factual basis upon which the interstate commerce element of the charges were met, the same being an "essential element" of both the drug and the firearm charges.

Claim 4     Counsel's failure to object to the use of two state felony charges for enhancement purposes at sentencing in his federal case, since the two charges were previously combined in the state proceedings for enhancement purposes as the two sentences were ordered to run concurrently.

## Government Response

The Government assets that each and every of Johnson's claims are frivolous or nonsensical and without merit on their face.

## Standard for Review

The standards for review of ineffectiveness of counsel cases is well established and need not be recited herein. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *U.S. v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999); *Izaguiree v. United States*, Civil No. 7:10-CV-138-O (N.D. Tex. 2011, J. O'Connor).

**Discussion**

On a review of the record in this case I find that each of the factual statements recited in the Government's Response in this case are correct, duly reflected in the record and are hereby adopted by reference.  I conclude that each and every of Petitioner's claims are frivolous, nonsensical and meritless for the reasons and based upon the authorities tersely and accurately set out in the Government's Response (Docket No. 7).  Supreme Court case authority supports the jurisdiction of the court and the authority of the prosecutor.  The superceding indictment and the jury instructions expressly and properly defined "crack cocaine" as "cocaine base."  Supreme Court case authority holds that the interstate commerce requisite for both drug and firearm cases is met by proof of the prior movement of the drugs or firearms across state lines.  Counsel did argue at sentencing that the two state felony convictions were one for federal sentencing purposes. This argument is precluded by unchallenged Fifth Circuit case authority. See *U. S. v. Green*, 293 F. 3d 886 , 894 ( 5th Cir. 2002). Petitioner fails to allege any facts or cognizable claim warranting a hearing. Accordingly,  I recommend that Maurice Johnson Jr.'s Motion to Vacate be, in all things,  DENIED.

It is so ordered this 31st day of May, 2012.

*Robert K. Roach*
Robert K. Roach
UNITED STATES MAGISTRATE JUDGE

Standard Instruction to Litigants

      A copy of this report containing findings and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of this order, report, findings and recommendations must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).